UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ALROY RICHARDS,

                Plaintiff,

        - against -

MOUNT SINAI SOUTH NASSAU, MARY
GOLDEN, and DAWN KEILEY,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-8112 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On November 19, 2024, Plaintiff Alroy Richards ("Plaintiff"), proceeding *pro se*, filed this Complaint against his employer, Mount Sinai South Nassau ("Mount Sinai"), and two individual Mount Sinai employees, Mary Golden and Dawn Keiley (the "Individual Defendants"), bringing federal employment discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Fourteenth and Fourth Amendments of the Constitution, as well as numerous common law claims. (Compl., Dkt. 1.)

By Memorandum & Order dated January 15, 2025, the Court *sua sponte* (1) dismissed all of Plaintiff's claims other than his Title VII and ADEA claims against Mount Sinai and his common law claims for mental anguish, excessive force, and breach of contract against all Defendants, and (2) ordered Plaintiff to show cause why his remaining claims should not be dismissed for failure to state a claim. (Mem. & Order to Show Cause ("OTSC"), Dkt. 6, at 1.) The Court received responses from Plaintiff on February 18, 2025, (2/17/2025 Notice, Dkt. 11), February 23, 2025, (2/18/2025 Notice, Dkt. 12), March 3, 2025 (3/3/2025 Notice, Dkt. 13), and March 20, 2025, (3/20/2025 Notice, Dkt. 15). Having reviewed each, the Court finds that these

submissions fail to cure the deficiencies in the Complaint, and *sua sponte*—meaning, of its own accord—dismisses Plaintiff's remaining claims.

## DISCUSSION

As the Court previously explained, "[t]o state a claim of discrimination under Title VII or the ADEA, Plaintiff must allege facts establishing that he: '(1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" (OTSC, Dkt. 6, at 4–5 (quoting *Back v. Hapoalim, B.M.*, No. 24-CV-1064, 2024 WL 4746263, at *1 (2d Cir. Nov. 12, 2024)).) "Notably absent" from Plaintiff's Complaint "are any allegations supporting the inference that Mount Sinai took any . . . actions based on Plaintiff's age, race, gender, or national origin." (*Id.* at 6.) And "the facts set forth in" exhibits that "Plaintiff attaches to his Complaint . . . provide clarity as to the [performance-related] reasons behind Mount Sinai's actions." (*See id.* at 6–8 (explaining that "the exhibits Plaintiff attached to the Complaint give rise to the inference that Plaintiff was terminated for non-discriminatory, performance-related reasons").)

In Plaintiff's responses to the OTSC, he claims the "protected status[es]" of "immigration status, gender," and the ADEA. (2/17/2025 Notice, Dkt. 11, at 12.) He further claims that his employer was aware of his nationality and race, although he does not identify them for the Court. (*Id.*) He also states that he is over the age of 40, and that he received "[h]ostile and rather abrasive treatment . . . perceivably predicated on his race,[] nationality, and possibly[] gender." (*Id.* at 12–13 (emphasis removed[1]).) But Plaintiff does not identify a single statement or action by an employee or employer that suggests that he was treated differently because of his membership in

---

[1] Where applicable, the Court has removed emphasis from the remaining citations to Plaintiff's filings.

any protected class. Instead, Plaintiff provides conclusory allegations, such as that he "was subjected to constant[] and pervasive intimidation" and "[a]dverse [c]onduct" based on his "protected status." (*Id.* at 13–14 (emphasis removed). *See also id.* at 15 ("Adverse [a]ctions, taken against [Plaintiff by Defendants] increased in intensities[] in the [e]mployment [d]iscriminations."); 2/18/2025 Notice, Dkt. 12, at 1 ("The [Defendants'] conduct clearly violated duly established rights, of which objectively reasonable officials . . . would have known, based on Plaintiff's full, precise, constant reporting."); 3/3/2025 Notice, Dkt. 13, at 4 ("No male staff were involved[] in the [d]iscriminations[] against . . . Plaintiff. None. Interpretations left to the Court, but the Plaintiff holds his own views, especially on the bases of race.") (cleaned up); 3/20/2025 Notice, Dkt. 15 (describing Plaintiff's complaint filed with the New York State Division of Human Rights but not providing additional details related to any facts that support a plausible inference of discriminatory animus or conduct).)

Plaintiff also claims retaliation, (2/17/2025 Notice, Dkt. 11, at 15), but none of his responses provide information to suggest that he received an adverse employment action after engaging in a protected activity. *See Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015) ("To establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." (internal quotation marks and citation omitted)).

In sum, the Court finds that Plaintiff has failed to adequately allege that he suffered an adverse employment action because of his membership in a protected class or in retaliation for participating in any protected activity. Accordingly, Plaintiff's Title VII and ADEA claims are

3

dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

Having dismissed the only remaining federal law claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's common law claims for mental anguish, excessive force, and breach of contract. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)).

## CONCLUSION

As Plaintiff's responses to the Order to Show Cause fail to cure the deficiencies in the Complaint or to state a claim for relief, this action is dismissed *sua sponte* for failure to state a

---

[2] The Court's OTSC also directed Plaintiff to allege facts rebutting the non-discriminatory reasons that Mount Sinai had already proffered in support of its decision to terminate his employment. (OTSC, Dkt. 6, at 8.) Plaintiff claims that his employer's statements were "not true" and "willfully lying arguments," and he asserts his own explanations for the incidents involving himself and other employees. (2/17/2025 Notice, Dkt. 11, at 2–3.) But because the Court finds that Plaintiff has failed to state a *prima facie* claim of employment or age discrimination, the Court need not consider these allegations. *See Vega v. Hempstead Union Free School Dist.*, 801 F.2d 72, 82–83 (2d Cir. 2015) (explaining that under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) three-stage, burden-shifting framework for analyzing employment discrimination cases under Title VII, "a plaintiff must first establish a *prima facie* case of discrimination by showing that: '(1) [they are] a member of a protected class; (2) [they are] qualified for [their] position; (3) [they] suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination'") (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)); *Lively v. WAFRA Inv. Advisory Grp.*, 6 F.4th 293, 302 n.3 (2d Cir. 2021) (explaining that the *McDonnell Douglas* burden-shifting framework applies to age-discrimination claims).

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

        SO ORDERED.

        */s/ Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: May 1, 2025
      Brooklyn, New York